IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY DANNUNZIO, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE CO. <br><br> Defendant. | Civil Action No. 2:21-cv-01984-MMB |

## AMENDED COMPLAINT

### PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer, Anthony Dannunzio, against Liberty Mutual Insurance Co. ("Liberty Mutual"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*

### THE PARTIES

1. Plaintiff Anthony Dannunzio is an adult individual residing in Malvern, Pennsylvania.

2. Liberty Mutual is a Massachusetts company registered to conduct business in the Commonwealth of Pennsylvania.

### JURISDICTION & VENUE

3. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District

of Pennsylvania, and Defendant possesses sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

5. Mr. Dannunzio is a "consumer" as that term is defined by the FCRA. 15 U.S.C. §1681a(c).

6. Liberty Mutual is a user of consumer reports as that term is defined by the FCRA. 15 U.S.C. §1681b(f).

7. Liberty Mutual has been afforded, through contract, a direct access terminal whereby it may, for certain permissible and lawful purposes, access consumer reports from Trans Union, LLC ("Trans Union") and possibly other consumer reporting agencies as well.

8. On or about May 24, 2019, Liberty Mutual accessed Plaintiff's credit file through Trans Union in the form of a consumer report.

9. Plaintiff's consumer report provided to Liberty Mutual contained highly personal and private information including: the banks and lenders that Plaintiff conducts business with, the amount of credit Plaintiff has received and which is outstanding; Plaintiff's payment history; Plaintiff's private personal identifiers; location information about Plaintiff; and contact information for Plaintiff.

10. Upon information and belief, Liberty Mutual claims it accessed Plaintiff's consumer report on May 24th while responding to an inquiry about a Liberty Mutual product submitted by Plaintiff's mother.

11. At that time, Plaintiff had no knowledge whatsoever that Liberty Mutual was interacting with Plaintiff's mother to the extent such a meeting ever actually happened as

Plaintiff's mother has does not even have a recollection of ever speaking to Liberty Mutual or inquiring about any Liberty Mutual products.

12. Plaintiff never spoke to a Liberty Mutual representative during that time and never completed any forms for Liberty Mutual.

13. To Plaintiff's knowledge, his mother never disclosed any identifying information about Plaintiff at that time to Liberty Mutual nor communicated to Liberty Mutual that she possessed authority to consent on behalf of Plaintiff for any purpose.

14. Indeed, Plaintiff has never had any prior business dealing at all with Liberty Mutual.

15. Notwithstanding the above, Liberty Mutual impermissibly without Plaintiff's consent or knowledge or legitimate business reason to do so obtained Plaintiff's consumer report and never even informed Plaintiff of this illegal and impermissible act.

16. In doing so, Liberty Mutual also knowingly and intentionally falsely certified to Trans Union that it was inquiring for a permissible purpose relating to Plaintiff when in fact it had none.

17. Liberty Mutual in this regard acted negligently by *inter alia* obtaining Plaintiff's consumer report for a transaction that did not involve Plaintiff, and did so knowing that Plaintiff had no knowledge of what Liberty Mutual was doing or given consent to Liberty Mutual to do so.

18. Liberty Mutual further acted willfully and recklessly by *inter alia* engaging in the conduct described above, as well as training its representatives into deceiving potential customers into identifying family members as a matter of policy and practice so that it can deceitfully obtain consumer reports about those family members and review those reports to gauge whether those family members qualify for Liberty Mutual products.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of invasion of privacy including disclosure of Plaintiff highly personal and private information found in his consumer report as described above.

20. Plaintiff has suffered actual damages in the form of emotional distress to include anxiety, fear, worry and physical manifestations thereof.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – LIBERTY MUTUAL
## VIOLATIONS OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on users of consumer reports pursuant to 15 U.S.C. §§ 1681b(f), 1681n(b) and 1681q as set forth above.

25. The conduct of Defendant is a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**GORSKI LAW, PLLC**

GREGORY GORSKI
PA Attorney ID: 91365
1635 Market Street, Suite 1600
Philadelphia, PA 19103
Tel: 215-330-2100
Email: greg@greggorskilaw.com

Attorneys for Plaintiff

Dated: July 26, 2021